IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KWANZA WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:18-03026-CV-RK |
| | ) |
| KLD PROPERTIES, KEN DAVIS, | ) |
| PUBLIC ADMINISTRATOR; AND | ) |
| FOSTER HOUSE, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Application for Leave to File Action without Payment of Fees (doc. 1) and Plaintiff's Emergency Motion and Request to Stay the Proceedings in District Court (doc. 2). After careful review, Plaintiff's Motion to Proceed in Forma Pauperis is **DENIED** and the action is **DISMISSED**. Therefore, Plaintiff's Emergency Motion and Request to Stay the Proceedings in District Court is **DENIED** as moot.

I. **Request to Proceed without Payment of Fees**

28 U.S.C. § 1915(a)(1) authorizes the Court to allow indigent persons to commence a civil action without the prepayment of costs. This is typically referred to as proceeding "*in forma pauperis*." However, "[t]he opportunity to proceed *in forma pauperis* is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citations omitted). When presented with a motion to proceed *in forma pauperis*, the Court first determines whether the plaintiff satisfies the economic eligibility requirements. Local Rule 83.7(a) provides that the standard for determining *in forma pauperis* status is whether the requirement to pay the costs of the lawsuit would cause the applicant to be forced to give up the basic necessities of life. If the applicant meets the economic eligibility requirements, the Court then determines whether the applicant's complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Plaintiff's Motion to Proceed in Forma Pauperis with Affidavit of Financial Status in Support appears to demonstrate that Plaintiff meets the economic eligibility requirements. (Doc. 1.) However upon review, the case must be dismissed because the Complaint fails to state a claim upon which relief may be granted over which this Court would have subject matter jurisdiction.

## II. Plaintiff's Complaint

Plaintiff's action appears to seek relief for a number of alleged crimes and civil causes of action. In the Complaint, Plaintiff lists as the basis for jurisdiction – federal question. However, Plaintiff's Complaint does not list any specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. As best as can be discerned, Plaintiff's only cause of action that may give the Court jurisdiction over this case is Plaintiff's alleged civil rights violation which the Court construes as a claim under the Fair Housing Act. Therefore, the Court looks to see if Plaintiff has stated a claim for which relief can be granted under the Fair Housing Act.

Federal Rule of Civil Procedure 8(a) sets forth that for a complaint to state a claim, the pleading must contain: "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because Plaintiff is *pro se*, Plaintiff's pleadings are construed liberally. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996). However, this standard does not excuse *pro se* complaints from alleging "sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In the Complaint, Plaintiff alleges "I have not been given the same opportunity to live at my residents [sic][.]" Pursuant to 42 U.S.C. §3604, Plaintiff does not allege that Plaintiff is being treated differently because of "race, color, religion, sex, familial status, or national origin." Therefore, Plaintiff has not sufficiently pled a cause of action under the Fair Housing Act. Because the Court cannot identify any other cognizable claim arising under federal law in the Complaint, the Court must dismiss the action pursuant to Federal Rule of Civil Procedure12(h)(3).

## III. Conclusion

Accordingly, Plaintiff's Application for Leave to File Action Without Payment of Fees (doc. 1) is **DENIED** and the action is **DISMISSED**. Therefore, Plaintiff's Emergency Motion and Request to Stay the Proceedings in District Court (doc. 2) is **DENIED** as moot.[1]

**IT IS SO ORDERED.**

<pre>
                                        s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT
</pre>

DATED: February 1, 2018

---

[1] Even if Plaintiff's Emergency Motion was not denied as moot, the Court would have denied that motion on the merits. In the Emergency Motion, Plaintiff requests the Court to stay proceedings in the district court; however, Plaintiff does not identify the proceedings Plaintiff wishes be stayed or for what period of time. Second, Plaintiff provides no legal authority regarding housing list placement nor does Plaintiff provide sufficient identification or description of the housing list Plaintiff references in the motion. Third, Plaintiff provides no legal authority to support the claim for relief from payment of rent. Last, to the extent Plaintiff is seeking relief from a state court writ of execution which requires Plaintiff vacate the current residence, Plaintiff does not state how this Court has jurisdiction to grant the requested relief.